Johnny C. WILSON, Petitioner-Appellee,

v.

Millard GOODING, Warden, Richmond County Public Works Camp, Richmond County, Georgia, Respondent-Appellant.

No. 28274.

United States Court of Appeals, Fifth Circuit.

Aug. 19, 1970.

Arthur K. Bolton, Atty. Gen., Harold N. Hill, Jr., Executive Asst. Atty. Gen., Marion O. Gordon, Asst. Atty. Gen., Courtney Wilder Stanton, Asst. Atty. Gen., Franklin H. Pierce, Augusta, Ga., for appellant.

Howard Moore, Jr., Peter Rindskopf, Charles Morgan, Jr., Atlanta, Ga., Reber F. Boult, Jr., James K. Baker, Birmingham, Ala., Melvin L. Wulf, Eleanor Holmes Norton, New York City, for appellee.

Before SIMPSON, MORGAN, and INGRAHAM, Circuit Judges.

INGRAHAM, Circuit Judge:

Petitioner-Appellee Wilson was indicted and convicted in Superior Court of Fulton County, Georgia, on two counts of assault and battery, and two counts of using opprobrious and abusive language,[1] the latter in violation of Georgia Code § 26–6303.[2] Appellee filed a petition for a writ of habeas corpus in the federal district court, pursuant to 28 U.S.C. § 2254. Among other claims, he alleged that § 26–6303 was unconstitutional on its face under the First and Fourteenth Amendments because of its vagueness and overbreadth. The district court, in an order dated March 4, 1969, dismissed all of appellee's habeas corpus claims with the exception of the question involving § 26–6303, it appearing that state remedies had not been exhausted. The question of the facial constitutionality of § 26–6303, however, had previously been before the Georgia Supreme Court,[3] obviating the need to exhaust state remedies on that matter.[4]

In a subsequent order entered on July 8, 1969, the district court held § 26–6303 unconstitutional on its face and ordered the release of appellee from that portion of his confinement attributable to his conviction under the statute. Wilson v. Gooding, 303 F.Supp. 952 (N.D.Ga. 1969). Appellants, Millard Gooding and the State of Georgia, in seeking reversal of this judgment and order, raise the following two issues:

I. Did the district court err by failing to request a three-judge court pursuant to 28 U.S.C. § 2281 when an application

1. On Counts 1 and 2, appellee received consecutive 12 month sentences for committing assault and battery on each of two police officers. He received an additional sentence of 12 months on counts 3 and 4 for using opprobrious and abusive language to each officer. The sentence on count 4 was to run concurrently with that of count 3, and thus appellee's total prison term for the state prosecution was to be 36 months.

2. § 26–6303 of the Code of Georgia (1933) provides that:
 "Any person who shall, without provocation, use to or of another, and in his presence, or by telephone, opprobrious words or abusive language, tending to cause a breach of the peace, or who

shall, in like manner, use obscene and vulgar or profane language in the presence of, or by telephone to, a female, or any person who shall communicate to any virtuous female within this State by writing or printing any obscene or vulgar language or improper proposals, or by indecent or disorderly conduct in the presence of females on passenger cars, street cars, or other places of like character, shall be guilty of a misdemeanor."

3. Wilson v. State, 223 Ga. 531, 156 S.E.2d 446 (1967).

4. The district court's order called for briefs to be submitted on the constitutional issue, and at this point the State of Georgia entered the case as amicus curiae.

for a writ of habeas corpus raises a substantial question of the constitutionality of a state statute?

II. Did the district court err in holding § 26–6303 unconstitutionally vague and overbroad on its face and as interpreted by the Georgia courts?

## I.

The first issue involves a possible conflict between habeas corpus and three-judge court jurisdiction under § 2281.[5] It is well recognized that there are four essential requirements for the application of § 2281: "(1) a state statute must be challenged; (2) a state officer or local officer performing a state function must be a party defendant; (3) injunctive relief must be sought; (4) it must be claimed that the statute is contrary to the Constitution." Gilhool v. Chairman & Com'rs, Philadelphia Co. Bd. of Elections, 306 F.Supp. 1202, 1205 n.2 (E.D.Pa. 1969), aff'd, 397 U.S. 147, 90 S.Ct. 996, 25 L.Ed.2d 182 (1970); C. Wright, Federal Courts § 50, at 189 (2d ed. 1970). See also Hall v. Garson, 430 F.2d 430, 442, (5th Cir. 1970). Although there is no problem in the case sub judice with requirements (1), (2) and (4), there was no prayer for injunctive relief. Appellants, however, argue that in substance, if not in form, all four requisites have been met because the effect of holding § 26–6303 unconstitutional was to enjoin a state officer from enforcing a state statute.

■ In sum, appellants are calling for a liberal construction of § 2281. The Supreme Court, however, has repeatedly warned that the three-judge court legislation is not "a measure of broad social policy to be construed with great liberality," but rather "an enactment technical in the strict sense of the word and to be applied as such." Phillips v. United States, 312 U.S. 246, 251, 61 S.Ct. 480, 483, 85 L.Ed. 800 (1941). See Mitchell v. Donovan, 398 U.S. 427, 90 S.Ct. 1763, 26 L.Ed.2d 378 (1970); Hall v. Garson, *supra*. The Court has also taken the position that under the analogous provisions of 28 U.S.C. § 2282, dealing with federal statutes, when plaintiffs merely attack the validity of legislation without also "* * * affirmatively [seeking] to interdict the operation of a statutory scheme," a single district judge alone must hear the case. Flemming v. Nestor, 363 U.S. 603, 607, 80 S.Ct. 1367, 4 L.Ed. 2d 1435 (1960). See Mitchell v. Donovan, *supra*; Kennedy v. Mendoza-Martinez, 372 U.S. 144, 153–155, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963).[6]

■ The specific question raised by appellants is whether a single district court judge has jurisdiction to pass upon the constitutionality of a state statute in a habeas corpus proceeding in view of the requirement for a three-judge court under § 2281. To our knowledge, there has been no discussion of this particular issue beyond the district court level. The majority of lower courts, however, have followed the view that § 2281 has no relation to habeas corpus proceedings and thus that a single judge is sufficient. United States ex rel. Robinson v. York, 281 F.Supp. 8, 12 (D.C.Conn.1968); McCarroll v. Faust, 278 F.Supp. 448, 450 (E.D.La.1968); United States ex rel. Laino v. Warden of Wallkill Prison, 246 F.Supp. 72, 92 n.16 (S.D.N.Y.1965),

---

5. "An interlocutory or permanent injunction restraining the enforcement, operation or execution of any State statute by restraining the action of any officer of such State in the enforcement or execution of such statute or of an order made by an administrative board or commission acting under State statutes, shall not be granted by any district court or judge thereof upon the ground of the unconstitutionality of such statute unless the application therefor is heard and determined by a district court of three judges under section 2284 of this title."
28 U.S.C.A. § 2281

6. In these cases the Court refused to equate suits for a declaratory judgment with suits for injunctive relief. In the case at bar, no injunction was sought or granted barring prosecution of other persons by Georgia authorities under Georgia Code § 26–6303.

aff'd, 355 F.2d 208 (2d Cir. 1966); United States ex .rel. Watkins v. Commonwealth of Pennsylvania, 214 F.Supp. 913 (W.D.Pa.1963); United States ex rel. Murphy v. Warden of Clinton Prison, 29 F.Supp. 486, 489 (N.D.N.Y.1939), aff'd, United States ex rel. Murphy v. Murphy, 108 F.2d 861 (2d Cir. 1940), cert. denied, Murphy v. Warden of Clinton State Prison, 309 U.S. 661, 60 S.Ct. 583, 84 L.Ed. 1009 (1940).[7]

The question we face is actually a matter of balancing values, for we must make a choice between judicial economy and federal-state comity. We recognize that the passage of § 2281 was motivated by "the indignity and injustice which it was felt was being done to the states in having their solemn legislative acts, and the efforts of state officers to enforce them, impeded, perhaps frustrated, by the interlocutory fiat of a single judge. * * *" Hutcheson, A Case for Three Judges, 47 Harv.L.Rev. 795, 804 (1934). However, a particular state prisoner, such as appellee Wilson, in seeking discharge from prison on the grounds of conviction under an unconstitutional statute, does not threaten to frustrate the operation or existence of state government. Despite the many applications for habeas corpus, it is very seldom that a federal district judge orders the release of a prisoner the state has convicted. C. Wright, supra, § 50, at 217. On the other hand, the number of applications is increasing rapidly. To require a three-judge court for every case similar to the instant proceedings would place an unacceptable burden on the federal judiciary.[8]

The convening of a three-judge court is an extraordinary procedure which in itself imposes a burden on our federal court system. The summoning of another district judge and a circuit court judge may often result in a delay in matters needing immediate attention. Allen v. State Board of Elections, 393 U.S. 544, 561, 89 S.Ct. 817, 22 L.Ed.2d 1 (1969); Swift & Co. v. Wickham, 382 U.S. 111, 128, 86 S.Ct. 258, 15 L.Ed.2d 194 (1965). The direct appeal provision deprives the Supreme Court of often crucial adjudications by the courts of appeals, and thus the Court has called for utmost caution in any attempts at extension of the procedure. Allen v. State Board of Elections, supra, 393 U.S. at 562, 89 S.Ct. 817; Swift & Co. v. Wickham, supra; Oklahoma Gas & Elec. Co. v. Oklahoma Packing Co., 292 U.S. 386, 391, 54 S.Ct. 732, 78 L.Ed. 1318 (1934).

After considerable reflection, it is our opinion that the district court's assumption of habeas corpus jurisdiction in the case sub judice should be upheld. Appellants' proposed liberal construction of § 2281 would turn the three-judge court into a habeas corpus panel. In the interest of judicial economy, a strict construction is necessary and thus there is no § 2281 jurisdiction.

## II.

After careful independent examination of the constitutionality of Georgia Code § 26–6303 and its interpretation by the Georgia courts, we find that the opinion-order of the district court, Wilson v. Gooding, 303 F.Supp. 952 (N.D.Ga. 1969), carefully and fully delineates the

---

7. Appellants assert that most of these cases rely on the *Clinton* case for authority, even though it merely indicates that "a single District Court Judge *seems* to have jurisdiction." 29 F.Supp. at 489 (emphasis added). However, the more recent opinions cited above are very definite in stating that a three-judge court is not necessary when the constitutionality of a state statute is attacked on a petition for federal habeas corpus. This is indicative of the trend that these lower federal courts have followed.

8. The Judicial Conference of the United States in 1959 endorsed a proposal calling for a three-judge court for habeas corpus applications, but it retreated from this position in 1965 in realization of the troublesome burden that would result. C. Wright, *supra*, § 53, at 218. See Ann. Rep. of the Judicial Conference of the United States, 1965, at 83.

reasons for holding § 26–6303 unconstitutionally vague and overbroad. We agree with the well reasoned opinion of the district court and its judgment is affirmed.