**500**

ary 25, 1964 which failed to reduce its open account liability to the Wallace Stone Company to less than $25,000.00 did not satisfy the valid continuing lien created pursuant to the first Security Agreement.

We turn now to the cross-appeal of the Wallace Stone Company. The Wallace Stone Company contends that the District Court should not have invalidated the second Security Agreement dated July 15, 1966. The basis of the District Court's holding invalidating the effectiveness of the second Security Agreement was that "it [the amended Security Agreement] was not [actually] authorized by the Bankrupt's Board of Directors." Further, there was no evidence of any other actual authorization or affirmation such as shareholder approval.

The Cross-Appellant concedes this finding to be factually true, but responds that it negotiated with the President of Lee Ready Mix who had implied and apparent authority to mortgage the assets of the Company. While under some circumstances a President of a corporation is vested with implied and apparent authority to execute a great number of ordinary business transactions without the express authorization of his Board of Directors, we believe that the mortgaging of a company's assets is not within his apparent or implied executive authority. Michigan law provides such power rests with a corporation's Board of Directors except where they have otherwise provided. M.C.L.A. § 450.10(d) and (m) (1966). The By-laws of the Lee Ready Mix & Supply Company do not expressly delegate the power to authorize the mortgaging of corporate assets to the President of that Company. Further, in the execution of the first Security Agreement, the Board met and expressly authorized that Agreement. Based on the record below, we find the District Court's order determining that the President of Lee Ready Mix & Supply Company did not have implied or apparent authority to negotiate and execute a valid Security Agreement without

authorization from his Board of Directors is not in error.

The judgment of the District Court is affirmed. Each party to pay its own costs.

**Nick J. SCOTT, Petitioner-Appellee,**

v.

**DISTRICT ATTORNEY, JEFFERSON PARISH, STATE OF LOUISIANA, Respondent-Appellant.**

**No. 29697.**

United States Court of Appeals, Fifth Circuit.

Feb. 2, 1971.

William J. White, Jr., Asst. Dist. Atty., Parish of Jefferson, Gretna, La., Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Second Asst. Atty. Gen., Baton Rouge, La., Frank H. Langridge, Dist. Atty., John M. Mamoulides, Asst. Dist. Atty., Metairie, La., for respondent-appellant.

Luke Fontana, New Orleans, La., for petitioner-appellee.

Before GODBOLD, CLARK and INGRAHAM, Circuit Judges.

PER CURIAM:

We affirm, see Local Rule 21,[1] and Wilson v. Gooding, 431 F.2d 855 (5th Cir. 1970).

**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**TOP SHIPPERS ASSOCIATION, Inc.,
and Francis A. Finberg, Defendants-
Appellants.**

**No. 29561**

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Feb. 1, 1971.

Rehearing Denied April 20, 1971.

Edward B. Winn, Lane, Savage, Counts & Winn, G. Ward Beaudry, Dallas, Tex., for defendant-appellants.

Eldon B. Mahon, U. S. Atty., Andrew Barr, Asst. U. S. Atty., Kiril Jaszenko, Atty., I. C. C., for plaintiff-appellee.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

In this case a jury found Top Shippers Association, a corporation, and Francis A. Finberg, its manager, guilty, in twelve counts, of violating the Elkins Act, 49 U.S.C. § 41. This statute prohibits the knowing solicitation, acceptance, and receipt of concessions from a railroad company in the transportation of property in interstate commerce at a less rate and charge than that named in the tariffs of the common carrier as published and on file with the Interstate Commerce Commission. The minimum fine prescribed by statute was assessed on each count against each defendant.

Counsel for appellants express the view that the case raised complex and fundamental constitutional issues. We disagree. As in all cases, we have carefully considered the numerous (twelve) assignments of error urged on behalf of Top Shippers and Mr. Finberg. We find the case peculiarly appropriate for Rule 21 disposition, that is, the evidence on behalf of the government, accepted by the jury clearly established the wilful, deliberate, continued, and continuous activities of the defendants-appellants. Further, they received a fair trial, devoid of reversible error. A detailed discussion and point by point rejection of the twelve grounds asserted for reversal would be of no precedential value whatever.

Nothing remains, then, but to direct that the judgment of the District Court be and it is hereby

Affirmed.

---

1. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir. 1970, 430 F.2d 966.

* Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir., 1970, 431 F.2d 409, Part I.