**UNITED STATES ex rel. Lois SERO et al.,**
**Petitioners,**

v.

**Peter PREISER, Commissioner of the New York Department of Correctional Services, et al., Respondents.**

**No. 72 Civ. 778.**

United States District Court,
S. D. New York.

Jan. 23, 1974.

Herman Schwartz, Edward I. Koren, New York Civil Liberties Union, National Prison Project—American Civil Liberties Union, Amherst, N. Y., Elizabeth B. DuBois (Legal Action Center of the City of New York, Inc.), New York City, for petitioners and proposed intervenors Warner and Haywood.

Stephen J. Perrello, Jr., Prisoners' Rights Project, Legal Aid of Buffalo, New York, Buffalo, N. Y., for proposed intervenor Crout.

Louis J. Lefkowitz, Atty. Gen., New York City, for defendants, Michael Colodner, Asst. Atty. Gen., of counsel.

LASKER, District Judge.

The checkered career of this litigation has produced what in other circumstances Judge Friendly has aptly called a "Brobdingnagian procedural imbroglio."[1] This suit was brought by reformatory sentenced inmates originally both as a habeas corpus action and as a civil rights action under 42 U.S.C. § 1983, attacking the conditions of confinement of the plaintiffs and seeking to declare unconstitutional the statutes under which they were sentenced, on the ground that, since as young adult offenders they were sentenced to a longer term than adults convicted of the same crimes, their sentences violate the equal protection clause. A motion was filed for the convening of a three judge court and the declaration of a class action. Both motions were granted. 351 F.Supp. 522 (1972). While the matter was *sub judice* before the three judge court, the Supreme Court rendered its decision in Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), which held that if a prisoner challenges the fact or duration of his confinement, his exclusive remedy in federal court is by way of ha-

beas corpus under 28 U.S.C. § 2241*ff*, and that he may not sue under 42 U.S.C. § 1983. Believing at the time that *Preiser* prevented them from continuing their suit under § 1983, plaintiffs moved to amend their complaint to delete their prayer for declaratory and injunctive relief. The motion was granted by the three judge court. The deletion of the prayer for such relief undid the basis for the existence of a three judge court and the case was remanded to the convening judge.

Plaintiffs now move to amend their complaint to restore the § 1983 claim, with a prayer for declaratory but not injunctive relief. Certain other prisoners also move to intervene in the action.

 The State opposes the motion to amend the complaint on the grounds that under *Preiser* the plaintiffs cannot institute a § 1983 action. While the argument would be valid if the plaintiffs sought only to challenge the fact or duration of their confinement, it does not apply here because the amended complaint (and indeed the original complaint) clearly attacks not only the fact and duration but the very conditions of confinement. For example, the complaint specifies that at various institutions at which plaintiffs and the members of their class are incarcerated, they "have received no significant vocational, or other educational or moral guidance, but instead have been subjected to a debasing and criminalizing environment. Inmates . . . are assigned to menial work details that do not teach any marketable skills. During work details and the other times, petitioners and other young persons who may have been guilty of nothing more than Class B or Class A misdemeanors, are continually exposed to murderers, robbers, thieves, prostitutes, drug addicts and lesbians." (Complaint, par. 5 e. g.)

In such circumstances, the right of a prisoner to bring an action under 42 U.S.C. § 1983 is not foreclosed by *Preiser*

---

1. Crane Co. v. American Standard, Inc., 73 Civ. 2273 (Dec. 19, 1973), at 883.

**662**

which specifically states at 499, n. 14, at 1841 of 93 S.Ct.:

"If a prisoner seeks to attack both the conditions of his confinement and the fact or length of that confinement, his latter claim, under our decision today, is cognizable only in federal habeas corpus, with its attendant requirement of exhaustion of state remedies. But, consistent with our prior decisions, that holding in no way precludes him from *simultaneously* litigating in federal court, under § 1983, his claim relating to the conditions of his confinement." (Emphasis added.)

Accordingly, there is no doubt that plaintiffs are free to press their § 1983 claims. Bearing in mind both the admonition of Rule 15 of the Federal Rules of Civil Procedure that amendments are to be allowed liberally and considerations of judicial economy, the amendment should be allowed and the motion is therefore granted.

■ The motion to intervene is denied. It appears to us unnecessary to enlarge the group of named plaintiffs since the matter has already been declared a class action.[2] The class has been defined as follows:

"The class challenging Sections 75.00 and 75.10, subd. 1 of the Penal Law will consist of all misdemeanants serving reformatory sentences, while the class challenging Sections 803 and 804 of the Correction Law will include all reformatory sentenced inmates, felons and misdemeanants alike." 351 F. Supp. at 532.

■■ There is no doubt that a class action may be appropriate for habeas corpus purposes as well as for § 1983. Williams v. Richardson, 481 F.2d 358 (8th Cir. 1973); Mead v. Parker, 464 F.2d 1108 (9th Cir. 1972); Gesicki v.

Oswald, 336 F.Supp. 371 (S.D.N.Y.1971) (three judge court, opinion of Kaufman, now Chief Judge), aff'd, 406 U.S. 913, 92 S.Ct. 1773, 32 L.Ed.2d 113 (1972); Developments in the Law-Federal Habeas Corpus, 83 Harv.L.Rev. 1038, 1170 (1970). The fact that conditions may vary at the different institutions named in the complaint, does not render the class action device inappropriate in this case. If the variance of conditions is significant, subclasses may be established.

We cannot agree with the argument defendants expressed in their brief before the three judge court that the original plaintiffs cannot represent members of the class at institutions other than that at which they are themselves confined. It is, of course, true that separate proof will be required as to conditions existing at each of the institutions affected by the suit. However, the general question of whether rehabilitative programs are available applies to all members of the class. Subclasses can, as we have indicated above, be created where there is a distinct variance among conditions at the institutions. In no event do we see the necessity of proof being required as to the program offered to each separate member of the general class. We thus cannot accept the defendants' view that the case must be limited to conditions at the institutions at which the named plaintiffs are confined; and if we did accept that view, we would feel impelled to grant the motion to intervene in the interests of justice.

The motion to amend the complaint is granted. The motion for intervention is denied. A new amended complaint shall be filed eliminating references to the proposed intervenors.

It is so ordered.

2. We discuss the class action issue in this Memorandum because it has been raised by the parties both in their briefs before the three judge court and in relation to the motion to intervene. As a matter of procedure we question whether any ruling on the class action issue is necessary at this time since it was decided by the convening judge, as indicated in the text below, and the case is again subject to his jurisdiction.