**Michael R. BURGENER, on behalf of himself and all other persons similarly situated, Plaintiff,**

v.

**CALIFORNIA ADULT AUTHORITY et al., Defendants.**

**No. C–74–1631–CBR.**

United States District Court, N. D. California.

Jan. 26, 1976.

---

Lynn S. Carman, San Rafael, Cal., Garry, Dreyfus, McTernan & Brotsky, San Francisco, Cal., for plaintiff.

Evelle J. Younger, Atty. Gen. of Cal., Jack R. Winkler, Edward P. O'Brien, Derald E. Granberg, John T. Murphy, San Francisco, Cal., for defendants.

Before SNEED, Circuit Judge, and RENFREW and WOLLENBERG, District Judges.

## MEMORANDUM OF OPINION AND ORDER

■ Plaintiff, a prisoner in state custody at San Quentin State Prison, Tamal, California, filed this civil rights complaint and petition for habeas corpus on August 5, 1974, under 42 U.S.C. §§ 1981 and 1983, and 28 U.S.C. §§ 2201, 2202, 2241 and 2254, on his own behalf and, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of all other persons similarly situated.[1] He seeks declaratory and injunctive relief. Specifically, plaintiff asks the Court to declare, *inter alia*, (1) that California's Indeterminate Sentence Law, California Penal Code §§ 1168 and 3020, is unconstitutional on its face as violative of the Speedy Trial Clause of the Sixth Amendment, the Cruel and Unusual Punishment Clause of the Eighth Amendment, and the Due Process and Equal Protection Clauses of the Fourteenth Amendment; (2) that plaintiff and the members of the purported class have a right to a final fixing of their prison terms within six months of the date of their

---

1. It is well established that a class action may be appropriate in habeas corpus proceedings under some circumstances.

   "Nor can we agree that a petition for a writ of habeas corpus can never be treated as a class action. Certainly the usual habeas corpus case relates only to the individual petitioner and to his unique problem. But there can be cases, and this is one of them, where the relief sought can be of immediate benefit to a large and amorphous group. In such cases, it has been held that a class action may be appropriate." *Mead v. Parker*, 464 F.2d 1108, 1112–1113 (9 Cir. 1972).

   See also *Williams v. Richardson*, 481 F.2d 358, 361 (8 Cir. 1973); *United States ex rel. Sero v. Preiser*, 372 F.Supp. 660, 662 (S.D.N.Y.1974); *Gesicki v. Oswald*, 336 F.Supp. 371, 374 n. 3 (S.D.N.Y.1971) (three-judge court), *aff'd*, 406 U.S. 913, 92 S.Ct. 1773, 32 L.Ed.2d 113 (1972); "Developments in the Law—Federal Habeas Corpus," 83 Harv.L.Rev. 1038, 1170 (1970). This Court, however, need not decide whether the instant case is one in which class action status would be appropriate, in light of plaintiff's motion for voluntary dismissal of the class action allegations and the ultimate disposition reached.

incarceration; and (3) that all persons incarcerated in California State Prisons for more than six months whose prison terms have not been finally fixed are entitled to be released upon serving the minimum period prescribed by the California Penal Code for their respective offenses.

Plaintiff further seeks a permanent injunction requiring the California Adult Authority, *inter alia*, (1) to determine the sentences of plaintiff and other prisoners similarly situated; (2) to release forthwith plaintiff and all members of the purported class who have completed their minimum terms; (3) to submit to the Court a list of the criteria and a statement of the procedures by which prison terms shall be fixed at hearings; and (4) to accord prisoners the right to counsel, appointed and paid for by the State when appropriate, to represent them at term-fixing hearings, and the right to the same process at those hearings that is due at a sentencing hearing before a court. Plaintiff also seeks appointment of counsel, costs and attorneys' fees.

On September 23, 1974, defendants moved to dismiss on the grounds that the complaint fails to state a claim upon which relief can be granted, and that plaintiff had not exhausted state remedies prior to petitioning this court for a writ of habeas corpus, as required by 28 U.S.C. § 2254(b). On November 6, 1974, plaintiff filed a notice of requirement of a three-judge district court. Defendants' motion to dismiss was heard before a single judge on November 13, 1974. The Court dismissed defendant California Adult Authority but, as to the other defendants, denied the motion on the ground that a three-judge district court should be convened. On November 15,

1974, the Chief Judge of this Circuit appointed a three-judge court.

Counsel for plaintiff were appointed on December 3, 1974, pursuant to 18 U.S.C. § 3006A(g). Following a lengthy period of inactivity on the part of plaintiff's counsel, defendants filed a second motion to dismiss on August 13, 1975, based essentially on the same grounds set forth in their earlier motion. On September 8, 1975, plaintiff filed a motion seeking an order permitting voluntary dismissal of the class action aspects of this case, and also summary judgment in favor of plaintiff's individual constitutional claims. These motions, and defendants' motion to dismiss, were argued before the three-judge court at a hearing held on October 23, 1975.

### The Petition for a Writ of Habeas Corpus

■ The Court is of the opinion that plaintiff's individual habeas corpus claims should be considered by the single-judge court, and not by this Court. The question whether a single judge has jurisdiction to pass upon the constitutionality of a state statute in a habeas corpus proceeding in view of the requirement for a three-judge court under 28 U.S.C. § 2281 has never, to this Court's knowledge, been explicitly considered by the Court of Appeals for the Ninth Circuit.[2] The Fifth Circuit, however, has held that § 2281 should be construed strictly and should not mandate convening a three-judge court whenever the constitutionality of a state statute is challenged in a habeas corpus proceeding. *Wilson v. Gooding*, 431 F.2d 855, 858 (5 Cir. 1970), *aff'd*, 405 U.S. 518, 92 S.Ct. 1103, 31 L.Ed.2d 408 (1972). Many district courts have also held that §§ 2281 has no relation to habeas corpus

---

**2.** That Court, however, has implicitly approved of a single judge determining the constitutionality of a state statute within the framework of habeas corpus proceedings. For example, the Court of Appeals for the Ninth Circuit has on occasion considered such a constitutional challenge on its merits after an initial determina-

tion by a single-judge court, and has never questioned the jurisdiction of the district judge to decide the constitutional issue. *E.g.*, *Bell v. Hongisto*, 501 F.2d 346, 356–357 (9 Cir. 1974), *reversing* 346 F.Supp. 1392 (N.D.Cal. 1972).

proceedings and thus that a single-judge court is sufficient. *Government of United States ex rel. Shaban v. Essen*, 386 F.Supp. 1042, 1044 (E.D.N.Y.1974); *Bell v. Hongisto*, 346 F.Supp. 1392, 1394 n. 3 (N.D.Cal.1972), *rev'd on other grounds*, 501 F.2d 346 (9 Cir. 1974); *Tedder v. Cox*, 317 F.Supp. 33, 35 n. 1 (W.D.Va. 1970); *United States ex rel. Murray v. Owens*, 341 F.Supp. 722, 723 (S.D.N.Y. 1972), *rev'd on other grounds*, 465 F.2d 289 (2 Cir. 1972), *cert. denied*, 409 U.S. 1117, 93 S.Ct. 930, 34 L.Ed.2d 701 (1973); *United States ex rel. Laino v. Warden of Wallkill Prison*, 246 F.Supp. 72, 92 n. 16 (S.D.N.Y.1965), *aff'd*, 355 F.2d 208 (2 Cir. 1966); *United States ex rel. Watkins v. Commonwealth of Pennsylvania*, 214 F.Supp. 913, 916–917 (W.D.Pa.1963); *United States ex rel. Murphy v. Warden of Clinton Prison*, 29 F.Supp. 486, 489 (N.D.N.Y.1939), *aff'd*, 108 F.2d 861 (2 Cir. 1940), *cert. denied*, 309 U.S. 661, 60 S.Ct. 583, 84 L.Ed. 1009 (1939). In our view, this is a correct statement of the law and comports fully with the underlying policy considerations. The latter are discussed at length in *Wilson v. Gooding*, *supra*, 431 F.2d at 858; we agree completely with the reasoning set forth therein, and hold that a single judge has jurisdiction to rule upon the constitutionality of a state statute challenged in a habeas corpus proceeding. Accordingly, we will remand plaintiff's individual habeas corpus claims to the single-judge court.

### The Civil Rights Complaint

■ Plaintiff seeks an injunction from the Court ordering the California Adult Authority, *inter alia*, to determine the term of his sentence and to grant prisoners the right to counsel at term-fixing hearings. Subsequent to the filing of this lawsuit the Adult Authority, on March 1, 1975, inaugurated significant changes in its administrative procedures. These were later modified on April 15, 1975, and again on September 2, 1975. Under present procedures an inmate's prison term is fixed in conjunction with regularly scheduled parole consideration.

(A prisoner's first appearance before the Adult Authority is one month prior to his minimum eligible parole date.) Defendants informed the Court that plaintiff will have his primary term fixed at his next scheduled board appearance in February, 1976.

In light of these developments the Court feels that granting an injunction at this time would be ill advised. Although at the hearing held on October 23, 1975, plaintiff's counsel argued that it is essential that plaintiff's prison term be fixed *immediately,* the Court is not persuaded that a further delay of six weeks will infringe upon plaintiff's constitutional rights. However, the Court will retain jurisdiction of the instant matter and await the outcome of the hearing scheduled for February, 1976. All parties will be given the opportunity to be heard at that time.

■ With respect to plaintiff's claim that prisoners must be accorded the right to counsel at term-fixing hearings, appointed and paid for by the State when appropriate, the Court notes that this contention has been explicitly rejected by the California Supreme Court, *In re Schoengarth*, 66 Cal.2d 295, 57 Cal. Rptr. 600, 607, 425 P.2d 200 (1967); *In re Minnis*, 7 Cal.3d 639, 102 Cal.Rptr. 749, 757, 498 P.2d 997 (1972), and also by the Court of Appeals for the Ninth Circuit, *Dorado v. Kerr*, 454 F.2d 892, 896–897 (9 Cir. 1972). *Dorado* antedates recent Supreme Court decisions establishing the parameters of the process that is required at parole revocation, probation revocation, and prison disciplinary hearings, *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), prompting at least one court to question *Dorado's* continued general validity. *Childs v. United States Board of Parole*, 167 U.S.App.D.C. 268, 511 F.2d 1270, 1280 (1974). The Supreme Court has not yet considered the precise issue presented here. Therefore, it is incumbent upon this Court to exam-

ine whether *Dorado* remains good law on the right to counsel issue.

Although *Morrissey* delineated the minimum standards of due process that must be provided parolees during parole revocation hearings, the Court explicitly did not consider whether parolees have a right to counsel or to appointed counsel at those hearings. *Morrissey v. Brewer, supra,* 408 U.S. at 489, 92 S.Ct. 2593. In *Gagnon v. Scarpelli, supra,* 411 U.S. at 781–791, 93 S.Ct. 1756, however, the Court discussed at length whether the state is under a constitutional duty to provide appointed counsel in all probation or parole revocation hearings. The *Gagnon* Court emphasized the essentially non-adversary nature of these hearings, the non-judicial character of the administrative decision-making body, and the likelihood that these proceedings would be significantly altered by the introduction of counsel. *Id.* at 788–789, 93 S.Ct. 1756. Also relevant, in the Supreme Court's opinion, were the additional expense to the state and the inevitable prolongation of the decision-making process that would follow a court decision according the right to representation at such hearings. Rather than adopt a *per se* rule, the *Gagnon* Court opted for a case-by-case approach.

"We thus find no justification for a new inflexible constitutional rule with respect to the requirement of counsel. We think, rather, that the decision as to the need for counsel must be made on a case-by-case basis in the exercise of a sound discretion by the state authority charged with responsibility for administering the probation and parole system. Although the presence and participation of counsel will probably be both undesirable and constitutionally unnecessary in most revocation hearings, there will remain certain cases in which fundamental fairness—the touchstone of due process—will require that the State provide at its expense counsel for indigent probationers or parolees." *Id.* at 790, 93 S.Ct. at 1763.

Similar concerns were expressed in *Wolff v. McDonnell, supra,* 418 U.S. at 569–570, 94 S.Ct. 2963, where the issue presented was whether prisoners have a constitutional right to counsel at prison disciplinary proceedings.

At the heart of the decisions in *Morrissey, Gagnon* and *Wolff* is the Supreme Court's reaffirmation of the fundamental doctrine that due process is flexible, requiring such procedural protections as the particular situation demands. "The very nature of due process negates any concept of inflexible procedures universally applicable to every imaginable situation." *Cafeteria Workers v. McElroy,* 367 U.S. 886, 895, 81 S.Ct. 1743, 1748, 6 L.Ed.2d 1230 (1961). Especially in the context of a prison environment, "there must be mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application." *Wolff v. McDonnell, supra,* 418 U.S. at 556, 94 S.Ct. at 2975.

*Dorado v. Kerr, supra,* 454 F.2d at 897, held that "due process does not entitle California state prisoners to counsel at Authority sessions called to determine, administratively, the length of imprisonment, and to grant or deny parole." This Court is of the opinion that that holding is consistent with the subsequent trend of Supreme Court decisions in *Morrissey, Gagnon* and *Wolff.* In particular, the Court believes that *Dorado* reflects the underlying concerns and objectives of the Supreme Court on the specific question of the right to counsel at parole board hearings. The Court holds that plaintiff is not entitled to an injunction ordering the Adult Authority to accord all state prisoners the right to counsel, or to appointed counsel paid for by the state if they are indigent, to represent them at term-fixing hearings. Accordingly, the Court will deny plaintiff's motion for summary judgment on the right to counsel claim, and will grant defendants' motion to dismiss on that claim.

*Voluntary Dismissal of the Class Action*

Finally, plaintiff has moved for an order permitting voluntary dismissal of the class action aspects of this lawsuit. Rule 23(e) of the Federal Rules of Civil Procedure[3] requires that

"A class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs."

A difficult question is presented when, as here, the motion for voluntary dismissal is made prior to a determination pursuant to Rule 23(c)(1) of whether the action is maintainable as a class action. Defendants argue that since the Court has never certified the instant action as a class action, court approval is not necessary for voluntary dismissal of the class action allegations. Plaintiff, on the other hand, appears to believe that an order pursuant to Rule 23(e) is necessary, but that no notice to the other members of the purported class is required.

■ Rule 23(e) specifically provides that court approval is necessary for any dismissal or compromise in a class action. It has been held that during the period between the filing of the action and the determination under Rule 23(c)(1) of whether it can be maintained on a class basis the action must be presumed to be proper for purposes of dismissal or settlement, and therefore Rule 23(e) applies. *Kahan v. Rosensteil,* 424 F.2d 161, 169 (2d Cir. 1970), *cert. denied,* 398 U.S. 950, 90 S.Ct. 1870, 26 L.Ed.2d 290 (1970); *Philadelphia Electric Co. v. Anaconda American Brass Co.,* 42 F.R.D. 324, 326 (E.D.Pa.1967); 3B *Moore's Federal Practice,* ¶ 23.80 [2.–1] at 1505–1506 (2d ed. 1975).

"This result seems sound inasmuch as a contrary conclusion would put an undue premium on early settlements in order to avoid the application of Rule 23(e) and even might encourage collusion during the period before the class action issue is resolved, which might operate to the disadvantage of those members who are not before the court." 7A Wright and Miller, *Federal Practice and Procedure,* Civil § 1797 at 236–237 (1972).

■ Furthermore, as a general rule, court approval of dismissal or compromise of a class action cannot be given until notice thereof has been given to all members of the class. When, as here, the existence of a proper class has not as yet been determined, it has been held that such court approval must be held in abeyance pending a determination of the class action question, unless sufficient information is available to the court as to the membership of the alleged class to allow adequate notice to be given. *Philadelphia Electric Co. v. Anaconda American Brass Co., supra,* 42 F.R.D. at 326–327.

However, there are limited exceptions to the requirement that notice be sent to the members of the class or the alleged class. One of these is when the dismissal is not voluntary, as, for example, when there is a dismissal on the merits. 7A Wright and Miller, *Federal Practice and Procedure, supra,* § 1797 at 235, and cases there cited. Since the Court has decided to dismiss each of plaintiff's individual claims, subject only to the condition that jurisdiction will be retained until plaintiff's February, 1976 hearing before the Adult Authority, the Court must dismiss the class action allegations as well, and no notice of this *involuntary* dismissal is required by Rule 23(e).

Accordingly,

It is hereby ordered that plaintiff's motion for summary judgment on his individual claims is denied.

It is hereby further ordered that plaintiff's petition for a writ of habeas corpus

---

**3.** The Court notes in passing that plaintiff and defendants refer in their briefs on the issue of voluntary dismissal of a class action to Rule 23(c) of the Federal Rules of Civil Procedure. Rule 23 was revised in 1966. At that time subdivision (c) became subdivision (e) and was revised to read as set forth in the text.

is remanded to the single-judge court for determination of the individual habeas corpus claims.

It is hereby further ordered that defendants' motion to dismiss plaintiff's individual claims is granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

It is hereby further ordered that plaintiff's motion for voluntary dismissal of the class action allegations of the complaint pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is denied.

It is hereby further ordered that the class action allegations of the complaint are dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

It is hereby further ordered that the Court will retain jurisdiction of this action until plaintiff has been accorded a hearing before the California Adult Authority to fix the term of his sentence, at which time all parties will be given an opportunity to be heard.

**Michael R. BURGENER, on behalf of himself and all other persons similarly situated, Plaintiff,**

**v.**

**CALIFORNIA ADULT AUTHORITY et al., Defendants.**

**No C–74–1631–CBR.**

United States District Court, N. D. California.

Jan. 26, 1976.

Lynn S. Carman, San Rafael, Cal., Garry, Dreyfus, McTernan & Brotsky, San Francisco, Cal., for plaintiff.

Evelle J. Younger, Atty. Gen. of Cal., Jack R. Winkler, Edward P. O'Brien, Derald E. Granberg, John T. Murphy, San Francisco, Cal., for defendants.