of the suit were in Texas and in this District.

I am unwilling to extend the rule laid down in the Neirbo case and cases which follow to cover cases such as is set forth in plaintiff's complaint. It follows that defendants' motion to dismiss should be granted. Let suitable order be prepared and presented.

### Ex parte LYON.

### No. 352.

District Court, D. New Hampshire.

Jan. 25, 1945.

Ernest D'Amours, Asst. Atty. Gen., of New Hampshire, for State.

Samuel A. Margolis, of Manchester, N. H., and Angus M. MacNeil, of Boston, Mass., for petitioner Lyon.

CONNOR, District Judge.

Petition for writ of habeas corpus filed January 19, 1945. The Court ordered the writ to issue and the matter came on for hearing January 24, 1945. The respondent, Jerome F. Harkness, thereupon filed a motion to dismiss the petition and discharge the writ alleging:

(1) That the petitioner was without remedy in this court.

(2) That the petitioner had not exhausted his remedies in the state courts inasmuch as he had not made application for a writ of habeas corpus under the provisions of the State Criminal Extradition Law.

(3) That in extradition proceedings before the Governor of New Hampshire there was no duty to inquire into the validity of the divorce decree, referred to in said petition, and that such is urged as a matter of defense to the crimes for which the demanding state is seeking extradition.

(4) That said petitioner would have opportunity to litigate, in the Massachusetts courts, any question involving his constitutional rights that may accrue to him by virtue of a divorce decree obtained in a third state.

(5) That no substantial federal or constitutional question is involved in this extradition proceeding.

Full opportunity was afforded counsel in argument in support of and in opposition to said motion. It was conceded by counsel for petitioner that no application had been made for writ of habeas corpus in the state courts, which opportunity was available to him, by virtue of Section 10, Chapter 437 of the Revised Laws of New Hampshire, which provides as follows:

"Rights of Accused Person; Application for Writ of Habeas Corpus. No person arrested upon such warrant shall be delivered over to the agent whom the executive authority demanding him shall have appointed to receive him unless he shall first be taken forthwith before a judge of a court of record in this state, who shall inform him of the demand made for his surrender and of the crime with which he is charged, and that he has the right to demand and procure legal counsel; and if the prisoner or his counsel shall state that he or they desire to test the legality of his arrest, the judge of such court of record shall fix a reasonable time to be allowed him within which to apply for a writ of habeas corpus. When such writ is applied for, notice thereof, and of the time and place of hearing thereon, shall be given to the prosecuting officer of the county in which the arrest is made and in which the accused is in custody, and to the said agent of the demanding state."

The Court finds that the petitioner made no application for the judicial remedy afforded by the statute nor was good cause shown for failure to do so. Ex parte Hicks,

9 Cir., 98 F.2d 116; Milliken v. McCauley, 9 Cir., 93 F.2d 645; Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448; Ex Parte Sharpe, D.C., 36 F. Supp. 386.

It is a further finding of the Court that there existed no exceptional circumstances or peculiar urgency which would justify a departure from the rule requiring recourse to the state courts.

In accordance with the foregoing findings the motion is granted and an order has been entered discharging the writ and remanding the petitioner to the custody of Jerome F. Harkness.

POWER TRANSMISSION CO., Inc., v. NEULAND.

Civ. No. 2365.

District Court, D. New Jersey.

Dec. 8, 1943.

Harry B. Rook, Esq., of Newark, N. J. (Victor D. Borst, of New York City, of counsel), for plaintiff.

McCarter, English & Egner, of Newark, N. J. (Ward J. Herbert, of Newark, N. J., of counsel), for defendant.

SMITH, District Judge.

This is a civil action to enforce specific performance of two contracts under which the plaintiff asserts a claim to the equitable title of certain inventions and a right to the legal title of certain patents in which the said inventions are defined. The action is before the court at this time on the motion of the defendant, under Rule 12(b) (6) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to dismiss the complaint for failure to state a claim upon which relief can be granted. This motion must be denied.

 It is well established that a complaint should not be dismissed for failure to state a claim upon which relief can be granted except where it appears to a certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of the claim. Continental Collieries v. Shober, 3 Cir., 130 F.2d 631; Cohen v. United States; 8 Cir., 129 F.2d 733; Tahir Erk v. Glenn L. Martin Co., 4 Cir., 116 F.2d 865; Brauch v. Birmingham, D.C., 49 F.Supp. 229; Eberle v. Sinclair Prairie Oil Co., D.C., 35 F.Supp. 296; Equitable Life Assur. Soc. v. Saftlas, D.C., 35 F.Supp. 62. If it is reasonably conceivable that the plaintiff, upon a trial of the action on the merits, may establish a cause of action which will entitle him to relief, the complaint should not be dismissed. Ibid. When the allegations of the present complaint are considered in the light most favorable to the plaintiff, as they must be, it cannot be said that the claim is devoid of merit.

The arguments urged by counsel for the respective parties in their briefs are primarily directed to the merits of the suit, and it, therefore, seems inadvisable to discuss them at this time. These arguments