**Nathaniel NELSON, Defendant-Appellant,**

v.

**Beryle C. SACKS, Warden, Ohio Penitentiary, Columbus, Ohio, Respondent.**

United States Court of Appeals
Sixth Circuit.
June 6, 1961.

Nathaniel Nelson, appellant, in pro. per.

Mark McElroy, Atty. Gen., of Ohio, for respondent.

Before CECIL, WEICK and O'SULLIVAN, Circuit Judges.

ORDER.

This cause is before this Court on a motion of Nathaniel Nelson, defendant-appellant, for leave to appeal, in forma pauperis, from an order of the United States District Court for the Southern District of Ohio, denying him leave to file a petition for writ of habeas corpus in forma pauperis in said court.

The order of the District Court, from which the appellant seeks to appeal, was entered on April 26, 1961. A notice of appeal was duly filed in said court on May 17, 1961.

As grounds for release by habeas corpus the appellant makes claims in his motion as follows:

He was illegally extradited from St. Louis, Missouri, by Cincinnati police;

He was denied preliminary hearing, privilege of 'phone call, counsel and bond, and was held incommunicado from April 19th to April 23rd;

That Frank Baughman and Howard Gamble, Jr. were convicted for the same offense in the Court of Common Pleas of Hamilton County, Ohio, under case number 72162; and

That he was denied a speedy trial.

Upon consideration of appellant's motion, brief and record before us, we find as follows:

The appellant was indicted in Hamilton County, Ohio, on November 15, 1957, for the armed robbery of one Timmy Rice, on May 14, 1957, in Cincinnati, Ohio. He was arrested in St. Louis, Missouri, on or about April 18, 1958. The court appointed Eugene Smith, a lawyer of the Cincinnati bar to represent him. He waived a jury and was tried to the court on July 18, 1958. He was found guilty of the crime for which he was indicted and sentenced to imprisonment for an indeterminate sentence from ten to twenty-five years.

■ The Court concludes that even though the appellant may have been illegally extradited, it does not constitute sufficient ground for release by habeas corpus, Frisbie v. Collins, 342 U.S. 519, 522, 72 S.Ct. 509, 96 L.Ed. 541;

■ That being arrested after indictment by the grand jury, no preliminary hearing was required;

■ That no prejudice to the appellant's constitutional rights appears from having been denied the privilege of a 'phone call or bond and from having been held incommunicado for four days;

■ That the fact that two other persons were convicted for the same offense is no bar to the appellant's conviction, if he were duly and regularly indicted and tried, as it appears he was;

■ That three months between arrest and trial is not unreasonable and does not constitute a denial of a speedy trial or due process of law under the Constitution of the United States or any amendment thereto. U.S.Const. Amends. 5, 6.

606

It is therefore ordered, adjudged and decreed that the motion for leave to appeal in forma pauperis be and it is hereby denied.