82 N.J. Super. 409 (1964)
197 A.2d 876
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JAMES KIRKLAND, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 10, 1964.
Decided March 3, 1964.
*410 Before Judges GAULKIN, FOLEY and LEWIS.
Mr. William P. Elliott (assigned counsel) argued the cause for defendant.
Mr. Dominick A. Mirabelli, Assistant County Prosecutor, argued the cause for plaintiff (Mr. H. Douglas Stine, Prosecutor of Union County, attorney).
The opinion of the court was delivered by GAULKIN, S.J.A.D.
Defendant Kirkland is in custody awaiting trial upon an indictment which charges him with atrocious assault and battery. After the indictment was returned, he sought his freedom, by way of habeas corpus, upon the grounds hereafter set forth. After a hearing, the trial judge denied the relief sought. We granted leave to appeal.
Defendant contends that his rights under the State and Federal Constitutions have been violated and he has been denied due process of law because counsel was not assigned to advise and assist him when he was brought before the municipal court for a preliminary hearing and examination pursuant to R.R. 3:2-3 and R.R. 8:3-3, citing In re Garofone, 80 N.J. Super. 259 (Law Div. 1963) and Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). Defendant *411 argues that this taints the indictment and it must be dismissed, for if he were convicted upon it, the conviction would have to be set aside.
We lay aside the question whether habeas corpus is the proper vehicle upon which to mount this attack, and, for the purposes of this opinion, we accept defendant's version of the facts.
Defendant asserts that he was arrested and taken to the Elizabeth Municipal Court, and there the magistrate questioned him and the complaining witness informally. Neither he nor the complaining witness was sworn, and neither got "up on the witness stand." Defendant says that after this informal questioning the magistrate "asked me * * * did I have a lawyer and I told him no. He asked me did I think I could afford one and I told him no, that my mother couldn't afford it at the time and he sent the case to the Grand Jury."
No verbatim record was made of the proceedings before the magistrate. The magistrate testified he could not remember all of the details of what had transpired. He said:
"Yes, I apparently arraigned [sic] this man, asked him his age, asked him to enter a plea of not guilty, I asked him if he wanted to be represented by counsel or wanted a postponement for a week or two, and he said he wanted to proceed, and that was the end of the matter as far as I was concerned * * * I proceeded. I held a preliminary hearing and at the end of it I set bail at $1,500 and held him for the Grand Jury." (Emphasis ours)
When asked "What did the hearing consist of?" he answered, "I couldn't tell you. I have no notes here."
The magistrate did not "arraign" the defendant. The proceedings before our magistrates are often loosely called arraignments, but they are not  they are "preliminary hearings" or "preliminary examinations." Preliminary hearings and preliminary examinations are provided for by R.R. 3:2-3 and R.R. 8:3-3, while arraignments are governed by R.R. 3:5-1 and R.R. 8:4-2. An examination of the rules will show that there are significant differences between arraignments and preliminary hearings and examinations. One of *412 those differences is that the magistrate is not authorized to, and should not, ask the accused to plead to a crime beyond the magistrate's jurisdiction, in a preliminary hearing or examination. R.R. 8:4-2. And note that R.R. 1:12-9(a) provides, "Where a person charged with crime appears in a trial court without counsel," counsel must be assigned unless waived, and "Whenever practicable counsel shall be assigned before arraignment." (Emphasis ours)
We shall assume for present purposes that defendant was indigent and did not waive the assignment of counsel. The question here is the effect of not having assigned counsel to represent him in the municipal court. In this connection it must be noted that R.R. 3:2-3(e) provides:
"(e) Effect of Informality or Error in the Proceedings. No person held in custody under a commitment after a preliminary examination shall be discharged nor shall the preliminary examination be held invalid because of any informality or error, not prejudicial to the defendant, in the commitment or prior proceedings * * *."
In Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961), cited by Justice Clark in Gideon v. Wainwright, supra, Hamilton was charged with a capital offense and arraigned without counsel. He pleaded not guilty. Thereafter counsel was assigned to him, and represented him at the trial. He was found guilty and sentenced to death. The Supreme Court of Alabama "denied relief because there was no showing or effort to show that petitioner was `disadvantaged in any way by the absence of counsel.'" 368 U.S., at p. 53, 82 S.Ct., at p. 158, 7 L.Ed.2d, at pp. 115-116. The United States Supreme Court set aside the conviction, saying (368 U.S., at pp. 53-55, 82 S.Ct., at pp. 158-159, 7 L.Ed.2d, at pp. 116-117):
"Arraignment under Alabama law is a critical stage in a criminal proceeding. It is then that the defense of insanity must be pleaded * * *, or the opportunity is lost * * *. Thereafter that plea may not be made except in the discretion of the trial judge, and his refusal to accept it is `not revisable' on appeal. * * * Pleas in abatement must also be made at the time of arraignment. * * * *413 It is then that motions to quash based on systematic exclusion of one race from grand juries * * *, or on the ground that the grand jury was otherwise improperly drawn * * * must be made.
Whatever may be the function and importance of arraignment in other jurisdictions, we have said enough to show that in Alabama it is a critical stage in a criminal proceeding. What happens there may affect the whole trial. Available defenses may be as irretrievably lost, if not then and there asserted, as they are when an accused represented by counsel waives a right for strategic purposes. * * * The guiding hand of counsel is needed at the trial `lest the unwary concede that which only bewilderment or ignorance could justify or pay a penalty which is greater than the law of the State exacts for the offense which they in fact and in law committed.' * * * But the same pitfalls or like ones face an accused in Alabama who is arraigned without having counsel at his side. When one pleads to a capital charge without benefit of counsel, we do not stop to determine whether prejudice resulted. * * * Only the presence of counsel could have enabled this accused to know all the defenses available to him and to plead intelligently."
We understand Hamilton to mean that if under state law a defendant's rights may be irretrievably lost at an arraignment, the indigent defendant must be afforded counsel at such arraignment, or the court will set aside the conviction without stopping to inquire whether he was in fact prejudiced by the lack of counsel. Hamilton involved a capital case, but we presume that Gideon v. Wainwright, supra, has extended this protection to defendants in non-capital cases. However, Hamilton has no direct bearing upon the case at bar because here we did not have an arraignment, and the proceedings before the magistrate were not "a critical stage" in the prosecution.
We think that under our practice an arraignment at which defendant pleads not guilty is not, per se, a critical stage in a criminal proceeding as it is in Alabama. Be that as it may, we are certain that a preliminary hearing or examination, under R.R. 3:2-3 and R.R. 8:3-3, is not.
Although our rules provide for a preliminary examination and the defendant should ordinarily be given one, it is well settled that the right "is not so vital that the failure to afford it will invalidate an indictment or a conviction." State *414 v. Smith, 32 N.J. 501, 536 (1960). A grand jury has the right and power to find an indictment before, as well as pending, a preliminary examination. State v. Josephs, 79 N.J. Super. 411, 415 (App. Div. 1963); State v. War, 38 N.J. Super. 201, 206 (Cty. Ct. 1955).
Unlike the practice in Alabama described in the Hamilton case, there are no motions which the defendant must make and no defenses which he must urge before the committing magistrate. On the other hand, if he is given a preliminary examination, and the magistrate finds lack of probable cause and discharges him, he may still be indicted and convicted for the selfsame charge; or he may be held for the grand jury on one charge and indicted for another. In short, in New Jersey the preliminary examination is not a critical stage in a criminal proceeding within the meaning of Hamilton.
However, a proceeding which is not per se critical may become critical because of what transpires during that proceeding or the use thereafter made of it. In White v. Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963), White had pleaded guilty to a capital offense at a preliminary hearing before a magistrate, without being represented by counsel. This plea was introduced in evidence at his trial in a Maryland court, and he was sentenced to death. The Maryland Court of Appeals affirmed. 227 Md. 615, 177 A.2d 877. It distinguished Hamilton, saying that the arraignment in Alabama was "a critical stage in a criminal proceeding" where rights are preserved or lost, which was not true of a "preliminary hearing" under Maryland law. The United States Supreme Court nevertheless set aside the conviction, saying:
"Whatever may be the normal function of the `preliminary hearing' under Maryland law, it was in this case as `critical' a stage as arraignment under Alabama law. For petitioner entered a plea before the magistrate and that plea was taken at a time when he had no counsel.

* * * * * * * *
We repeat what we said in Hamilton v. Alabama * * *, that we do not stop to determine whether prejudice resulted * * *." (373 U.S., at p. 60, 83 S.Ct., at p. 1051, 10 L.Ed.2d, at p. 194; emphasis ours)
*415 It seems to us that the Supreme Court said this because White's plea had been placed in evidence at the trial. We believe that the decision would have been otherwise if he had not pleaded guilty at the preliminary hearing, or if the guilty plea had not been proved at the trial. In short, we are of the opinion that White v. Maryland does not stand for the proposition that it is fatal if counsel is not assigned to represent an indigent defendant at a preliminary examination. It is fatal only if what happened at the preliminary examination is used against the defendant. It has been so held elsewhere. People v. Combs, 19 A.D.2d 639, 241 N.Y.S.2d 104 (App. Div. 1963); State v. Freeman, 232 Or. 267, 374 P.2d 453, 460 (Ore. Sup. Ct. 1962). Cf. Dean v. Maxwell, 174 Ohio St. 193, 187 N.E.2d 884 (Sup. Ct. 1963).
In Pettit v. Rhay, 383 P.2d 889 (Wash. Sup. Ct. 1963), the defendant, charged with rape, was denied counsel at his preliminary hearing. The complaining witness, 15 years old, testified in that hearing. Defendant, of limited intelligence and education, could not cross-examine her. Counsel was assigned after the preliminary hearing. The complaining witness having died before trial, her testimony was admitted against defendant and he was convicted. The Washington Supreme Court, following White, set aside the conviction because of the introduction of that testimony, but added:
"We do not wish to be understood as holding that every indigent person normally has the right to court-appointed counsel at a preliminary hearing. We hold only that, under the peculiar facts before us, the denial of counsel at the preliminary hearing in this case prevented respondent from being able to confront the witnesses against him." (383 P.2d, at p. 894; emphasis ours)
See also Walton v. Arkansas, 371 U.S. 28, 83 S.Ct. 9, 9 L.Ed.2d 9 (1962); Note, 30 Tenn. L. Rev. 648 (1963); Note, 14 Ala. L. Rev. 431 (1962).
In the case at bar, nothing happened at the preliminary examination which did, or hereafter could, prejudice defendant. Defendant argues that he was prejudiced by the loss of the opportunity to cross-examine the complaining witness, *416 to make a statement in his own behalf, and to convince the magistrate that there was no basis for the complaint or that the charge was, at best, assault and battery and thus within the jurisdiction of the municipal court. But the failure to give a defendant any preliminary examination results in the same losses, and, as we have seen, the law is settled that those losses are not per se sufficient to vitiate a conviction or abort a prosecution.
We compliment defendant's counsel for his diligent and able efforts on defendant's behalf.
Affirmed.