Harvey JONES, Petitioner-Relator,

v.

James TUBMAN, Warden, Rickers Island City Prison Hospital, and District Attorney Frank Hogan, Respondents.

No. 73 Civ. 2337.

United States District Court, S. D. New York.

June 19, 1973.

James L. R. Costello, Forest Hills Gardens, N. Y., petitioner-relator.

John Frost, Asst. Dist. Atty., New York City, for respondents.

## MEMORANDUM DECISION

ROBERT L. CARTER, District Judge.

Harvey Jones, a criminal defendant in the County of New York, is now incarcerated on Rikers Island awaiting trial on an indictment charging him with burglary in the second degree, New York Penal Law, § 140.25 (McKinneys Consol.Laws, c. 40, 1967). He has petitioned this court for a writ of habeas corpus, brought on by Order to Show Cause, claiming that he has been denied his constitutionally protected right to reasonable bail and a speedy trial.

The petitioner was originally charged with sodomy, New York Penal Law, § 130.50 (McKinneys 1967) and bail was set at $10,000. The bail was reduced to $5,000 shortly thereafter and was again lowered to $2,500, and then $1,000 (the present bail) after the charge was changed to burglary. The petitioner contends that even this final bail is excessive because of his complete destitution. He further argues that his incarceration, which began with his arrest on December 5, 1972 and continues to the present time, is now improper because the state has denied him his right to a speedy trial. In view of. the disposition of this matter it is not necessary for the court to decide the substantive merits of either claim.

It is well established that a state prisoner can raise, prior to conviction, the constitutionality of bail imposed. United States ex rel. Goodman v. Kehl, 456 F.2d 863, 868–869 (2d Cir. 1972); United States ex rel. Shakur v. Commissioner of Corrections, 303 F.Supp. 303 (S.D.N.Y.), aff'd, 418 F.2d 243 (2d Cir. 1969), cert. denied, 397 U.S. 999, 90 S. Ct. 1144, 25 L.Ed.2d 408 (1970).

In this type of habeas attack, as with all such proceedings, the petitioner must demonstrate a prior exhaustion of adequate state remedies. The pertinent statutes provide that a writ shall not issue to a state prisoner "unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." 28 U.S.C. § 2254(b). Furthermore, "exhaustion" means that the prisoner does not have "the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

If no review of the issue could be had in the State court, then there is, in effect, no exhaustion possible. 28 U. S.C. § 2254(b), Cotner v. Henry, 394 F.

2d 873 (7th Cir.), cert. denied, 393 U.S. 847, 89 S.Ct. 132, 21 L.Ed.2d 118 (1968). Moreover, the exhaustion is not mandated where the state consideration would be either futile or where state procedures do not provide swift review of petitioner's claims. See Developments in the Law—Federal Habeas Corpus, 38 Harv.L.R. 1038, 1098 (1970).

In New York, a state prisoner may attack the denial or excessiveness of bail by way of state habeas corpus. N.Y. C. P.L.R. § 7001 et seq. (McKinneys 1963). The state courts have entertained such petitions. See, e. g., People ex rel. Gonzalez v. Warden, Brooklyn House of Detention, 21 N.Y.2d 18, 286 N.Y.S.2d 240, 233 N.E.2d 714 (1967); People ex rel. Parone·v. Phimister, 29 N.Y.2d 580, 324 N.Y.S.2d 311, 272 N.E.2d 894 (1971).

#### Speedy Trial

 The Supreme Court recently reaffirmed that the right to a speedy trial is of constitutional dimensions and that denial of that right may be the subject of habeas review: Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). That case held that a prisoner who *prior* to trial claimed denial of speedy trial did not have to wait and assert his claim as a defense at trial. The petitioner was asserting a *present* denial of his rights and it was that current claim which required hearing before the state courts to satisfy the exhaustion requirement. The Court does not describe in detail the earlier steps taken by petitioner but it does say that he "has made repeated demands for trial to the courts of Kentucky, offering those courts an opportunity to consider, on the merits, his constitutional claim of the *present* denial of a speedy trial," *Id.* at 490, 93 S.Ct. at 1125 and that he "has already presented his federal constitutional claim of a *present* denial of a speedy trial to the courts of Kentucky." *Id.* However, that case does not appear to modify the requirement that exhaustion of state remedies is a necessary prerequisite to federal jurisdiction of persons in state custody. The conclusion of the Court of Appeals in United States ex rel. Paulding v. Mancusi, 378 F.2d 368 (2d Cir. 1966) to the effect that "the broadened scope of habeas corpus in New York makes it appropriate for the petitioner to seek whatever remedy he may have in such a proceeding in the first instance," is clearly applicable here.

There is nothing before me which would warrant a finding that the exhaustion doctrine is inapplicable either because the pursuit of state relief would be futile or the available state procedures do not provide for swift vindication of petitioner's claims. The petition for writ of habeas corpus is denied.

So ordered.