**UNITED STATES of America ex rel. Jimmy McCRAWFORD, Petitioner,**

v.

**A. J. SINGERMAN, Warden of Bronx House of Detention for Men, Respondent.**

**No. 73 Civ. 2768.**

United States District Court,
S. D. New York.

Nov. 1, 1973.

Jimmy McCrawford, pro se.

Bernard I. Raizner, Asst. Dist. Atty., Bronx, New York (Mario Merola, Dist. Atty., Bronx County, of counsel), for respondent.

## MEMORANDUM

CANNELLA, District Judge.

The petitioner's application, for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 et seq., is denied.

The petitioner was arrested on October 10, 1972 and indicted by the Bronx County Grand Jury (Indictment Number 4988/72) on October 30, 1972 for the crimes of arson in the first degree and possession of an incendiary bomb and explosive substance ("molotov cocktail") with the intent to use the same unlawfully against the person or property of another. Thereafter, after one adjournment, he was arraigned in the New York Supreme Court, Bronx County, on December 1, 1972, at which time he entered a plea of not guilty to the indictment. The petitioner has subsequently been in court on several occasions for pre-trial matters, however, he has not as yet been tried on the charges brought in the indictment. At all times since his arrest the petitioner has been in the custody of state officials and is presently detained at the Bronx House of Detention, of which the respondent is warden.

In the instant application the petitioner seeks that a writ of habeas corpus issue to redress the denial of his constitutionally protected rights to reasonable bail and a speedy trial. The petitioner's bail was fixed at $5,000 by the state court. He asserts that he is a poor person and has been unable to raise the funds necessary to meet bail. As a result, he has remained in custody from the time of his arrest. Similarly, he argues that he has been deprived of his right to a speedy trial as the result of the ineptness of his assigned counsel and counsel's failure to move the case to trial, as well as, delay occasioned by the District Attorney. For the reasons set out below, it is not necessary for the court to decide the substantive merits of either claim.

It is well settled in this circuit that a state defendant-prisoner can challenge, during the period of pretrial detention and prior to conviction, the constitutionality and reasonableness of bail imposed by means of habeas corpus in the federal courts. United States ex rel. Goodman v. Kehl, 456 F.2d 863, 868–869 (2 Cir. 1972); United States ex rel. Shakur v. Commissioner of Corrections, 303 F.Supp. 303 (S.D.N.Y.), affirmed, 418 F.2d 243 (2 Cir. 1969), cert. denied, 397 U.S. 999, 90 S.Ct. 1144, 25 L.Ed.2d 408 (1970). In such a proceeding the petitioner must demonstrate that he has exhausted all of the available state remedies or that no adequate state remedy exists to protect his constitutional rights before he is permitted to invoke federal jurisdiction under the statute, 28 U.S.C. § 2254(b)(c). United States ex rel. Goodman v. Kehl, supra, 456 F.2d at 869; United States ex rel. Shakur v. Commissioner of Corrections, supra, 303 F. Supp. at 305; Jones v. Tubman, 360 F. Supp. 1298, 1299–1300 (S.D.N.Y.1973).

In New York, a state prisoner may attack the denial or excessiveness of bail by means of state habeas corpus. New York Civil Practice Law and Rules § 7001 et seq., McKinney's Consol.Laws, c. 308. The New York courts have entertained such applications in the past. *See, e. g.*, People ex rel. Gonzalez v. Warden, Brooklyn House of Detention, 21 N.Y.2d 18, 286 N.Y.S.2d 240, 233 N. E.2d 265 (1967); People ex rel. Parone v. Phimister, 29 N.Y.2d 580, 324 N.Y.S. 2d 311, 272 N.E.2d 894 (1971).

■ In the instant application the petitioner does not reveal any attempt to challenge the reasonableness of his bail in the state courts by habeas corpus or otherwise. The court is of the opinion, therefore, that the present application must fail, as to the reasonableness of the bail, because the petitioner has failed to exhaust all available state remedies, the burden of proving such exhaustion being on the applicant.

The petitoner has also premised this application upon the state's denial of his constitutional right to a speedy trial. *See also*, New York Criminal Procedure Law § 30.30, McKinney's Consol.Laws, c. 996. This 6th and 14th Amendment right has been well established by the decisions of the Supreme Court. Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967); Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969); Dickey v. Florida, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970); Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). The availability of a federal forum to challenge the state's denial of a speedy trial by means of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 et seq. commenced by a state defendant at a time when he is in pre-trial custody has been recognized by the Supreme Court. Braden v. 30th Judicial Circuit Court, *supra*, 410 U.S. at 488–493, 93 S.Ct. 1123. In making this federal forum available to a pre-trial de-

tainee *Braden* did not abrogate the requirement that the petitioner exhaust all available state remedies as a prerequisite to federal jurisdiction. *Id.*, Jones v. Tubman, *supra*, 360 F.Supp. at 1300; Crump v. Bedford County Circuit Court, 360 F.Supp. 606 (W.D.Va.1973); United States ex rel. Wester v. West, 73 Civ. 3703 (S.D.N.Y.1973); *cf.*, Thorne v. Warden, Brooklyn House of Detention, 479 F.2d 297 (2 Cir. 1973). In order to avail himself of federal habeas corpus the petitioner·must show that he has exhausted every state remedy available to him or that no state remedy exists which is adequate to vindicate his constitutional rights. 28 U.S.C. § 2254(b)(c); Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

■ Prior to his application to this court, the petitioner moved on August 10, 1973, in the New York Supreme Court, Bronx County, for a dismissal of the indictment, pursuant to N.Y.C.P.L. § 210.20, subd. 1(g), on the ground that he had been deprived of his constitutional and statutory right to a speedy trial. *See also*, N.Y.C.P.L. § 30.30. To the best of the court's knowledge the state courts have not ruled on this motion to date. Although the failure of the petitioner to await a decision by the state courts on the issue here raised is indicative of the prematurity of the present application, it is not solely dispositive of the exhaustion question in that other, alternative state remedies continue to be available to the applicant. Again, state habeas corpus is a viable remedy open to the petitioner as a means to redress the deprivation of his constitutional rights, N.Y.C.P.L.R. § 7001 et seq., and the New York courts have recognized that such proceedings are a proper means to challenge the length of pre-trial delay. *See, e. g.*, People ex rel. Franklin v. Warden, Brooklyn House of Detention, 31 N.Y.2d 948, 341 N.Y.S.2d 604, 294 N.E.2d 199 (1973). The pendency of the petitioner's motion to dismiss before the state courts and the availability of state habeas corpus in this instance, compel

**644**

the conclusion that the instant application must be denied; the petitioner has failed to exhaust the available state remedies. *See,* Jones v. Tubman, *supra,* 360 F.Supp. at 1300.

The petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 et seq. is denied. The Clerk of the Court is directed to send a copy of this memorandum to the petitioner.

So ordered.