GOVERNMENT OF the UNITED
STATES ex rel. Robert
SHABAN

v.

Stanley ESSEN, Director of the Brooklyn
Rehabilitation Center New York State
Drug Abuse Control Commission.

United States District Court,
E. D. New York.

Dec. 26, 1974.

Joel H. Brettschneider, Brooklyn, N. Y., for plaintiff.

Louis J. Lefkowitz, Atty. Gen., of N. Y. by Burton Herman, Asst. Atty. Gen., New York City, for defendant.

*Opinion*

PLATT, District Judge.

Petitioner seeks a writ of habeas corpus to deliver him from the custody of the Brooklyn Rehabilitation Center on the ground that the revocation of his "after-care" status and imposition of "resident-status" was in violation of his constitutional rights guaranteed by the Fourteenth Amendment to the United States Constitution.

Specifically petitioner claims that such revocation and imposition were "without (1) written notice of the claimed violation; (2) disclosure of evidence against him; (3) opportunity to be heard and present witnesses (4) right to confront and cross-examine witnesses; (5) a neutral and detached hearing body; and (6) a written statement of the fact finder's determination."

The following appear to be the facts from petitioner's papers and the testimony taken at the hearing on December 24, 1974:

On July 25, 1972, the petitioner, upon the request of his parents, was adjudged an addict (now known as a drug dependent person) under the New York Mental Hygiene Law and was committed

in a civil proceeding in the Supreme Court, Kings County (Liebowitz, J.).

Thereafter the petitioner was placed in custody in the then NACC facility at Arthur Kill, Staten Island, and he remained there until December 1972 at which time he was released by NACC to "after-care" or outpatient status.

Petitioner's original certification of addiction was made by Dr. C. S. Rubenstein, a NACC doctor.

On March 28, 1973, petitioner pled guilty to a burglary charge in Part IAA of the Criminal Term of the Supreme Court, Kings County (Epstein, J.) and was directed to be re-examined at the NACC facility in Brooklyn. On April 2, 1973, the same Dr. C. S. Rubenstein certified the petitioner to be a non-addict. Thereafter Mr. Justice Epstein sentenced the petitioner to a five year probationary term.

On November 30, 1974, petitioner was arrested on certain robbery charges which, on December 3, 1974, were all dismissed for lack of identification and evidence.

Upon the dismissal of the charges a demand was made for the release of the petitioner but such request was denied on the ground that there was a NACC (now DACC) warrant lodged against the petitioner. A writ of habeas corpus was sought from the Supreme Court, Kings County, on December 4, 1974, but was denied on that date by Mr. Justice Oliver D. Williams.

An order to show cause for an immediate hearing on the appeal and for leave to argue on the original record and documents was opposed by the respondent and denied by the Appellate Division, Second Department, on December 11, 1974, and petitioner was informed that the Appellate Division would be in recess from Friday, December 13, 1974 and that his appeal could not be heard until some time during February of 1975.

Petitioner claims that the revocation of his after-care and the imposition of his in-patient status is for a period of 90 days and that by the time his appeal comes on to be heard in the Appellate Division almost all of his custody period will have taken place. Accordingly, petitioner maintains that he has exhausted his remedies in the State courts and he is therefore entitled to petition for the instant writ.

The statute pursuant to which the revocation of petitioner's after-care status and the imposition of his resident-status was made is Section 81.30 of the New York State Mental Hygiene Law, McKinney's Consol.Laws, c. 27, which provides in part that:

"* * * The commission shall establish regulations and standards for release and aftercare placement of drug dependent persons. The commission shall have power to order any drug dependent person from aftercare supervision to inpatient treatment."

Concededly the statute does not provide for either a written notice of the claimed violation nor a hearing prior to the revocation and imposition and it was conceded at the hearing by Mr. Sullivan, one of respondent's witnesses from DACC, that no such notice or hearing were available or given to petitioner prior to such revocation and imposition and that petitioner did not receive any of the same.

In Morrissey v. Brewer, 408 U.S. 471, 489, 92 S.Ct. 2593, 2604, 33 L.Ed.2d 484 (1972), the Supreme Court held in the case of a revocation of parole that due process required the following:

(i) written notice of the claimed violation;

(ii) disclosure of the evidence against the alleged violator;

(iii) an opportunity to be heard and to present witnesses and documentary evidence;

(iv) the right to confront and cross-examine adverse witnesses;

(v) a neutral and detached hearing body; and

(vi) a written statement by the fact-finders as to the evidence re-

lied on and the reasons for revocation.

The Appellate Division, Fourth Department, in a unanimous decision in Ball v. Jones, 43 A.D.2d 281, 351 N.Y.S. 2d 199 (1974), said the foregoing minimum requirements were applicable to the revocation of the after-care status and the imposition of resident status in the case of a formerly certified narcotic addict such as the petitioner in the case at bar. While such decision is on appeal to the Court of Appeals and hence may not be regarded as a final statement on the law in this State, (see also CPLR § 5519), nonetheless it is the most authoritative statement on the question in this jurisdiction at this time.

■ Respondent argues that petitioner's application should be denied because he has not exhausted his State court remedies. For all practical purposes, however, petitioner has no further adequate available State remedy. He has been remanded to the custody of DACC for a 90-day period and during most, if not all of such period the State Appellate Courts are closed to him for the purpose of review of the denial of his petition for a writ of habeas corpus. Under such circumstances the exhaustion is not mandated "where state procedures do not provide swift review of peitioner's claims." Jones v. Tubman, 360 F.Supp. 1298, 1300 (S.D.N.Y.1973).

■ The next question is whether a single Federal District Judge has jurisdiction to pass upon the constitutionality of a State statute in a habeas corpus proceeding in view of the requirement for a three-judge court under 28 U.S.C. § 2281 where the constitutionality of State statutes is called into question. The Federal courts have repeatedly held "that § 2281 has no relation to habeas corpus proceedings" and that a single judge is sufficient to make such a determination in such a proceeding. Wilson v. Gooding, 431 F.2d 855 (5th Cir. 1970); United States ex rel. Murray v. Owens, 341 F.Supp. 722 (S.D. N.Y.1972); United States v. York, 281 F.Supp. 8, 12 (D.C.Conn.1968); Scott v. Dist. Attorney, Jefferson Parish, State of Louisiana, 309 F.Supp. 833 (E.D.La.1970), aff'd 5 Cir., 437 F.2d 500; Bell v. Hongisto, 346 F.Supp. 1392 (N.D.Cal.1972); United States ex rel. Murphy v. Warden of Clinton Prison, 29 F.Supp. 486, 489 (N.D.N.Y.1939), aff'd 108 F.2d 861 (2d Cir.), cert. denied, 309 U.S. 661, 60 S.Ct. 583, 84 L. Ed. 1009; United States ex rel. Laino v. Warden of Wallkill Prison, 246 F. Supp. 72, 93, n. 16 (S.D.N.Y.1965), aff'd 355 F.2d 208 (2d Cir. 1966); United States ex rel. Watkins v. Com. of Pa., 214 F.Supp. 913 (W.D.Pa.1963); Tedder v. Cox, 317 F.Supp. 33 (D.C.Va. 1970).

Thus it would seem clear that this Court has the power to pass upon the constitutionality of Section 81.30 of the New York State Mental Hygiene Law in this habeas corpus proceeding without first convening a three-judge court under 28 U.S.C. § 2281.

■ There is no question in this Court's mind that Ball v. Jones, 43 A.D. 2d 281, 351 N.Y.S.2d 199 (4th Dept. 1974), was correctly decided and that Section 81.30 of the New York State Mental Hygiene Law does not meet the minimum requirements of the Fourteenth and Fifth Amendments of the United States Constitution. It is not necessary at this juncture to delineate the precise requirements needed at a preliminary and/or a final hearing prior to revocation of after-care status to satisfy the Due Process Clause. (See discussions in Morrissey v. Brewer, *supra,* and Ball v. Jones, *supra*). Suffice it to say that for the purposes of petitioner's writ, no written notice of his alleged violation and no opportunity to be heard were accorded to him and in this Court's view this is enough to require the present writ to be sustained.

Submit order.