UNITED STATES of America ex rel.
Bernice E. DAVIS, Petitioner,

v.

CAMDEN COUNTY JAIL, Respondent.

Civ. No. 76–0500.

United States District Court,
D. New Jersey.

May 19, 1976.

Marie White Bell, Woodbury, N. J., for Bernice S. Davis.

## OPINION

COHEN, Senior District Judge.

■ Petitioner, Bernice E. Davis, seeks issuance of a writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241 *et seq.*, attacking the legality of her confinement in the New Jersey State Prison. The grounds set forth in the petition are: first, that there has been an unlawful delay in arraignment by New Jersey authorities depriving petitioner of due process of law; second, that petitioner's extradition from California was accomplished illegally; and third, that she was not properly advised of her Miranda rights when she was arrested. For the reasons discussed below the petition will be denied.[1]

---

1. Jurisdiction is based upon 28 U.S.C. § 2241(c)(1) and (3). Pursuant to 28 U.S.C. § 2243 no order to show cause or hearing will be granted, since even accepting the facts as alleged in the petition (which was prepared with the assistance of counsel) the petitioner is not entitled to the writ.

The facts as alleged by the petitioner are as follows: On September 23, 1975 she was arrested by Los Angeles authorities, but was released after 10 days upon posting $5,000.00 bail. An extradition hearing was held before a magistrate of the Los Angeles Municipal Court. Since no requisite was filed by the Governor of New Jersey the matter was dismissed after 90 days. On October 14, 1975 an indictment was returned against the petitioner in New Jersey and on February 6, 1976 a bench warrant was executed. The petitioner was then extradited to New Jersey without being afforded a hearing and has been confined in the Camden County Jail since that time. Petitioner contends that she has yet to be arraigned.

■ In *Gerstein v. Pugh,* 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975), the Supreme Court held that under the Fourth Amendment an individual may not be subjected to extended restraint of liberty following arrest unless there has been a judicial determination of probable cause. This right may be enforced by a petition for writ of habeas corpus. The probable cause determination must be made by a judicial officer and may occur either before or promptly after arrest. *Id.* at 125, 95 S.Ct. at 868, 43 L.Ed.2d at 71. Petitioner Davis' constitutional right to a probable cause determination has not been denied. She was indicted by a New Jersey grand jury and on February 6, 1976 a judicial officer found that sufficient probable cause existed for the issuance of a bench warrant.

■ The petitioner contends, however, that she has been deprived of due process of law because she has not been arraigned. Under New Jersey criminal procedure a person arrested under a warrant must be taken, without unnecessary delay, before the court named in the warrant. R. 3:4–1 N.J. Court Rules. The judge then informs the accused of the charges against him,

warns him that his statements may be used against him, advises him of his right to counsel, and sets bail. R. 3:4–2 *N.J. Court Rules.*[2] An "arraignment" is conducted in open court and consists of informing the accused of the charges against him and calling upon him to plead. R. 3:9–1 N.J. Court Rules. Under the principle established in *McNabb v. U. S.,* 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819 (1943) and *Mallory v. U. S.,* 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957) an individual charged with a federal offense is entitled to an arraignment without unreasonable delay after his arrest. This rule was an exercise of the Supreme Court's supervisory powers over lower federal courts and is not derived from either the Fourth or Fourteenth Amendments to the United States Constitution. *Ballantine v. Hendricks,* 351 F.Supp. 208, 215 (D.V.Is.1972); *Davis v. North Carolina,* 339 F.2d 770, 777 (4th Cir. 1964), *rev'd on other grounds,* 384 U.S. 737, 86 S.Ct. 1761, 16 L.Ed.2d 895 (1966); *U. S. ex rel. Smith v. New Jersey,* 322 F.2d 810 (3d Cir. 1963). An unreasonable delay between the arrest and arraignment of a state prisoner does not in itself give rise to a constitutional claim. Federal habeas corpus lies only if the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2241(c)(3). Therefore, the violation of a state rule of criminal procedure requiring prompt arraignment does not provide a basis for habeas corpus relief in federal court. *U. S. ex rel. Hayward v. Johnson,* 508 F.2d 322, 329–330 (3d Cir. 1975); *See also McDonald v. Arkansas,* 501 F.2d 385, 388 (8th Cir. 1974); *Adkins v. Beto,* 462 F.2d 802, 804 (5th Cir. 1972); *Freeman v. Page,* 443 F.2d 493, 496 (10th Cir. 1971), *cert. denied,* 404 U.S. 1001, 92 S.Ct. 569, 30 L.Ed.2d 554 (1971); *U. S. v. Carlson,* 359 F.2d 592 (3d Cir. 1966), *cert. denied,* 385 U.S. 879, 87 S.Ct. 161, 17 L.Ed.2d 106 (1966); *U. S. ex rel. Candelaria v. Mancusi,* 284 F.Supp. 171 (S.D.N.Y.1968).

**2.** This "procedure after filing of complaint" is not referred to as an arraignment in New Jersey, since a magistrate is not authorized to ask the accused to plead to an offense beyond the magistrate's jurisdiction *State v. Kirkland,* 82 N.J.Super. 409, 197 A.2d 876 (App.Div.1964). The court will liberally construe paragraph 12(a) of the petition to allege that neither R. 3:4–2 nor R. 3:9–1 of the N.J. Court Rules were complied with.

In any event, petitioner has been informed of the charges against her. She has been represented by three different attorneys and bail has been set. See petitioner's letter of March 7, 1976.

Petitioner next asserts that when she was rearrested in California she was not afforded a second extradition hearing prior to being transported to New Jersey. Where a fugitive from justice challenges the legality of extradition proceedings, habeas corpus relief may be sought from either a state or federal court located in the asylum state. *U. S. ex rel. Darcy v. Superintendent of County Prisons of Philadelphia,* 111 F.2d 409, 411 (3d Cir. 1940), *cert. denied,* 311 U.S. 662, 61 S.Ct. 19, 85 L.Ed. 425 (1940); *Hogan v. O'Neill,* 255 U.S. 52, 41 S.Ct. 222, 65 L.Ed. 497 (1921); *In re Hunt,* 276 F.Supp. 112, 114 (E.D.Mich.1967). Thus, the petitioner while detained in Los Angeles could have filed a petition for a writ of habeas corpus with the Federal District Court for the Central District of California to test the validity of the extradition procedure under Article 4, Sec. 2, Cl. 2 of the Constitution and 18 U.S.C. § 3182 *et seq.* Once extradited, however, a state prisoner cannot seek habeas corpus relief from a federal district court in the demanding state on the grounds that the extradition proceedings in the asylum state were unlawful. *Hunt v. Eyman,* 405 F.2d 384 (9th Cir. 1968), *cert. denied,* 394 U.S. 1020, 89 S.Ct. 1644, 23 L.Ed.2d 46 (1969); *Nelson v. Sacks,* 290 F.2d 604, 605 (6th Cir. 1961); *Johnson v. Buie,* 312 F.Supp. 1349, 1350–51 (W.D.Mo.1970); *U. S. ex rel. Huntt v. Russell,* 285 F.Supp. 765, 767 (E.D.Pa.1968), *aff'd,* 406 F.2d 774 (3d Cir. 1969); *New Jersey v. Noyes,* Fed.Cas.No.10,164 (D.N.J. 1878). The Supreme Court has consistently held that "the power of a court to try a person for a crime is not impaired by the fact that he had been brought within the court's jurisdiction by reason of a 'forcible abduction.'" *Frisbie v. Collins,* 342 U.S. 519, 522, 72 S.Ct. 509, 511, 96 L.Ed. 541 (1952) citing *Ker v. Illinois,* 119 U.S. 436, 444, 7 S.Ct. 225, 229, 30 L.Ed. 421, 424 (1886).

Finally, petitioner asserts that she was not advised of her Miranda rights upon her second arrest in Los Angeles. The Miranda rule merely provides for the suppression of statements made as a result of custodial interrogation if the accused was not previously given the warnings required by *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The denial of this constitutional right cannot be raised as ground for federal habeas corpus relief unless and until the trial court refuses to exclude such evidence and is upheld by the Supreme Court of New Jersey. Absent "special circumstances" the exhaustion doctrine will not "permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 493, 93 S.Ct. 1123, 1128, 35 L.Ed.2d 443, 451 (1973); *Ex parte Royall,* 117 U.S. 241, 253, 6 S.Ct. 734, 741, 29 L.Ed. 868, 872 (1886); Note, *Developments in the Law—Federal Habeas Corpus,* 83 *Harv.L.Rev.* 1038, 1094 (1970).[3]

The petition will be denied.

---

**3.** The legality of the petitioner's extradition and her confinement without arraignment are issues which are properly cognizable at this time. Illegal confinement by state authorities resulting from a "present" denial of constitutional rights can be challenged prior to trial by resort to the "swift and imperative remedy" of federal habeas corpus. *Braden v. 30th Judicial Circuit Court of Kentucky, supra,* 410 U.S. at 490–91, 93 S.Ct. at 1127, 35 L.Ed.2d at 449–50 (right to speedy trial) citing *Secretary of State for Home Affairs v. O'Brien,* [1923] A.C. 603, 609 (H.L.). *See Gerstein v. Pugh, supra* (right to prompt judicial determination of probable cause). It is not necessary that the petitioner first be denied state habeas corpus relief. *U. S. ex rel. Darcy v. Superintendent of County Prisons of Philadelphia, supra* at 411; *U. S. ex rel. McCline v. Meyering,* 75 F.2d 716, 718 (7th Cir. 1935); *In re Roberts,* 24 F. 132 (D.Ga.1885), *aff'd, Roberts v. Reilly,* 116 U.S. 80, 94–95, 6 S.Ct. 291, 299, 29 L.Ed. 544, 548 (1885). *See Braden v. 30th Judicial Circuit Court of Kentucky, supra; Scranton v. New York,* 532 F.2d 292 (2nd Cir. 1976). *But see Gilstrap v. Godwin,* 517 F.2d 52 (4th Cir. 1975); *U. S. v. Singerman,* 369 F.Supp. 641 (S.D.N.Y.1973); *Ex parte Lyon,* 58 F.Supp. 746 (D.N.H.1945).